UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-251-TWP-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOSE ZAMUDIO | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED.

1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-251-TWP-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOSE ZAMUDIO | (COMPASSIONATE RELEASE) |

This matter is before the Court on Defendant Jose Zamudio's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 1399. He also filed a motion asking the Court to appoint counsel. Dkt. 1400. The Court denied both motions without prejudice because they did not show that the interests of justice support appointing counsel or that Defendant might be eligible for compassionate release. Dkt. 1401. Specifically, the Court noted that Defendant sought release based on the risks he faced from the COVID-19 pandemic, but he did not inform the Court whether he had been vaccinated or been offered the vaccine and refused it. *Id.* The Court sent Defendant a form motion for compassionate release to use should he decide to submit a renewed motion.

Defendant has now filed a renewed motion. Dkt. 1415. The renewed motion is written in Spanish, so the Court authorized payment of an interpreter to translate the motion. Dkt. 1424. A Federally Certified Spanish Interpreter translated the motion and exhibits and filed the translation. Dkts. 1426, 1427.

In his renewed motion, Defendant contends that extraordinary and compelling reasons warrant release because his mother needs help. Dkt. 1426 at 5. He explains that his mother suffers from diabetes. He also states that his brother died of COVID-19, leaving his mother without anyone to help her. In addition, Defendant states that he is requesting release because he wants to

2

provide financial support for his minor daughter. *Id.* He asks the Court to appoint counsel to represent him. *Id.* at 6.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Defendant has not met his burden to show that extraordinary and compelling reasons warrant release. There is no suggestion that Defendant's mother is incapacitated, and, regardless, many inmates have elderly or ill parents whom they would like to help. In addition, Defendant does not suggest that his minor daughter lacks a caregiver. Although Defendant's desire to help his mother and daughter is admirable, he has not presented extraordinary and compelling reasons warranting release.

And, even if Defendant had presented extraordinary and compelling reasons potentially warranting relief, the Court would deny his motion because the sentencing factors in § 3553(a)

3

weigh against release.[1] Defendant distributed at least 4.5 kilograms of methamphetamine from his residence, where two minor children were residing, thereby exposing them to danger. Dkt. 905 at 7. Law enforcement officials seized multiple loaded weapons after searching his residence further underscoring the danger associated with his drug-trafficking activities. *Id.* He also conspired to launder more than $200,000 in drug proceeds. *Id.* These crimes were serious, and the Court imposed a severe sentence when it sentenced Defendant to an aggregate sentence of 380 months in prison. Dkt. 1071. Defendant has not completed even half of that sentence and is not due to be released until 2043. See https://www.bop.gov/inmateloc/ (last visited May 20, 2022). As a result, the Court concludes that releasing him now would not reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; or afford adequate deterrence to criminal conduct. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

Accordingly, Defendant has not shown that the interests of justice support appointing counsel to represent him. In addition, for the reasons stated above, his renewed motion for compassionate release, dkt. [1415], is **denied**.

**IT IS SO ORDERED.**

Dated: 5/27/2022

*(signature)*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Distribution:

Jose Zamudio
Reg. No. 15488-028
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887

All Electronically Registered Counsel